MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
RAFAEL GUERRERO MARIN, *individually*
*and on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| NELSON SERVICES SYSTEMS, INC. (D/B/A NELSON SERVICES), NELSON REALTY SERVICES, INC. (D/B/A NELSON REALTY), NELSON GISBERT, and NELSON GISBERT (A/K/A NELSON JR.), | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Rafael Guerrero Marin ("Plaintiff Guerrero" or "Mr. Guerrero"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Nelson Services Systems, Inc. (d/b/a Nelson Services), Nelson Realty Services, Inc. (d/b/a Nelson Realty), ("Defendant Corporations"), Nelson Gisbert and Nelson Gisbert (a/k/a Nelson Jr.), ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.    Plaintiff Guerrero is a former employee of Defendants Nelson Services Systems, Inc. (d/b/a Nelson Services), Nelson Realty Services, Inc. (d/b/a Nelson Realty), Nelson Gisbert, and Nelson Gisbert (a/k/a Nelson Jr.).

2.      Defendants own, operate, or control a cleaning company, located at 199 Nepperhan Ave, Yonkers, New York 10701 under the name "Nelson Services" and a real estate company at 199 Nepperhan Ave, Yonkers, New York 10701 under the name "Nelson Realty".

3.      Upon information and belief, individual Defendants Nelson Gisbert and Nelson Gisbert (a/k/a Nelson Jr.), serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the cleaning company as a joint or unified enterprise.

4.      Plaintiff Guerrero was employed as a cleaner at the cleaning company located at 199 Nepperhan Ave, Yonkers, New York 10701.

5.      At all times relevant to this Complaint, Plaintiff Guerrero worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to pay Plaintiff Guerrero appropriately any additional overtime premium for any hours he worked over 40 in a week.

7.      Further, Defendants failed to pay Plaintiff Guerrero the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Guerrero wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiff Guerrero to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Guerrero and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11.    Plaintiff Guerrero now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiff Guerrero seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Guerrero's state law claims under 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a cleaning company located in this district. Further, Plaintiff Guerrero was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.    Plaintiff Rafael Guerrero Marin ("Plaintiff Guerrero" or "Mr. Guerrero") is an adult individual residing in Kings County, New York.

16.     Plaintiff Guerrero was employed by Defendants at Nelson Services Systems Inc. from approximately 2001 until on or about August 1, 2020.

17.     Plaintiff Guerrero consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled a cleaning company, located at 199 Nepperhan Ave, Yonkers, New York 10701 under the name "Nelson Services" and a real estate company at 199 Nepperhan Ave, Yonkers, New York 10701 under the name "Nelson Realty".

19.     Upon information and belief, Nelson Services Systems, Inc. (d/b/a Nelson Services) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 199 Nepperhan Ave, Yonkers, New York 10701.

20.     Upon information and belief, Nelson Realty Services, Inc. (d/b/a Nelson Realty) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 199 Nepperhan Ave, Yonkers, New York 10701.

21.     Defendant Nelson Gisbert is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nelson Gisbert is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Nelson Gisbert possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He

determines the wages and compensation of the employees of Defendants, including Plaintiff Guerrero, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Nelson Gisbert (a/k/a Nelson Jr.) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nelson Gisbert (a/k/a Nelson Jr.) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Nelson Gisbert (a/k/a Nelson Jr.) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Guerrero, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23.     Defendants operate a cleaning company located in the Nodine Hill neighborhood in Yonkers.

24.     Individual Defendants, Nelson Gisbert and Nelson Gisbert (a/k/a Nelson Jr.), possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiff Guerrero's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Guerrero, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Guerrero (and all similarly situated employees) and are Plaintiff Guerrero's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Guerrero and/or similarly situated individuals.

29.     Upon information and belief, Individual Defendants Nelson Gisbert and Nelson Gisbert (a/k/a Nelson Jr.) operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f)  intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiff Guerrero's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Guerrero, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Guerrero's services.

31.     In each year from 2015 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the cleaning companie on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33.     Plaintiff Guerrero is a former employee of Defendants who was employed as a cleaner.

34.     Plaintiff Guerrero seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Rafael Guerrero Marin*

35.     Plaintiff Guerrero was employed by Defendants from approximately 2001 until on or about August 1, 2020.

36.     Defendants employed Plaintiff Guerrero as a cleaner.

37.     Plaintiff Guerrero regularly handled goods in interstate commerce, such as cleaning fluids and other supplies produced outside the State of New York.

38.     Plaintiff Guerrero's work duties required neither discretion nor independent judgment.

39.     Throughout his employment with Defendants, Plaintiff Guerrero regularly worked in excess of 40 hours per week.

40.     From approximately July 2015 until on or about August 1, 2020, Plaintiff Guerrero worked for Defendants by cleaning the Consolidated Edison Inc. "conEdison" offices located on 122 E 124th St, New York, NY 10035 from approximately 6:00 a.m. until on or about 6:00 p.m., 5 days a week (typically 60 hours per week).

41.     Throughout his employment, Defendants paid Plaintiff Guerrero his wages by check.

42.     From approximately July 2015 until on or about December 2015, Defendants paid Plaintiff Guerrero a fixed salary of approximately $528 per week.

43.     From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Guerrero a fixed salary of approximately $553 per week.

44.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Guerrero a fixed salary of approximately $730 per week.

45.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Guerrero a fixed salary of approximately $723 per week.

46.     From approximately January 2019 until on or about December 2019, Defendants paid Plaintiff Guerrero a fixed salary of approximately $904 per week.

47.     From approximately January 1, 2020 until on or about August 1, 2020, Defendants paid Plaintiff Guerrero $1,900 semi-monthly.

48.     Defendants never granted Plaintiff Guerrero any breaks or meal periods of any kind.

49.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Guerrero regarding overtime and wages under the FLSA and NYLL.

50.     Defendants did not provide Plaintiff Guerrero an accurate statement of wages, as required by NYLL 195(3).

51.     Defendants did not give any notice to Plaintiff Guerrero, in English and in Spanish (Plaintiff Guerrero's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

52.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Guerrero (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

53.     Plaintiff Guerrero was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

54.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

55.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Guerrero (and similarly situated individuals) worked, and to avoid paying Plaintiff Guerrero properly for his full hours worked.

56.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

57.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Guerrero and other similarly situated former workers.

58.     Defendants failed to provide Plaintiff Guerrero and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

59.     Defendants failed to provide Plaintiff Guerrero and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

60.     Plaintiff Guerrero brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all

similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

61.     At all relevant times, Plaintiff Guerrero and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

62.     The claims of Plaintiff Guerrero stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

63.     Plaintiff Guerrero repeats and realleges all paragraphs above as though fully set forth herein.

64.     At all times relevant to this action, Defendants were Plaintiff Guerrero's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Guerrero (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

65.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

66.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards

Act. 29 U.S.C. § 203 (r-s).

67.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Guerrero (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

68.    Defendants' failure to pay Plaintiff Guerrero (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

69.    Plaintiff Guerrero (and the FLSA Class members)were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

70.    Plaintiff Guerrero repeats and realleges all paragraphs above as though fully set forth herein.

71.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Guerrero overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

72.    Defendants' failure to pay Plaintiff Guerrero overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

73.    Plaintiff Guerrero was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

74.      Plaintiff Guerrero repeats and realleges all paragraphs above as though fully set forth herein.

75.      Defendants failed to pay Plaintiff Guerrero one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Guerrero's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

76.      Defendants' failure to pay Plaintiff Guerrero an additional hour's pay for each day Plaintiff Guerrero's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

77.      Plaintiff Guerrero was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

78.      Plaintiff Guerrero repeats and realleges all paragraphs above as though fully set forth herein.

79.      Defendants failed to provide Plaintiff Guerrero with a written notice, in English and in Spanish (Plaintiff Guerrero's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

80.    Defendants are liable to Plaintiff Guerrero in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

81.    Plaintiff Guerrero repeats and realleges all paragraphs above as though fully set forth herein.

82.    With each payment of wages, Defendants failed to provide Plaintiff Guerrero with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

83.    Defendants are liable to Plaintiff Guerrero in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

84.    Plaintiff Guerrero repeats and realleges all paragraphs above as though set forth fully herein.

85.    Defendants did not pay Plaintiff Guerrero on a regular weekly basis, in violation of NYLL §191.

- 14 -

86.     Defendants are liable to Plaintiff Guerrero in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Guerrero respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Guerrero and the FLSA Class members;

(c)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Guerrero and the FLSA Class members;

(d)     Awarding Plaintiff Guerrero and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)     Awarding Plaintiff Guerrero and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Guerrero;

(g)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Guerrero;

(h)     Declaring that Defendants violated the notice requirements of the NYLL with respect to Plaintiff Guerrero's compensation, hours, wages and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Guerrero;

(j)     Awarding Plaintiff Guerrero damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k)     Awarding Plaintiff Guerrero damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff Guerrero liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiff Guerrero and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)      Awarding Plaintiff Guerrero and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Guerrero demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

October 15, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                         Facsimile: (212) 317-1620
————

Faillace@employmentcompliance.com

September 30, 2020

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                       Rafael Guerrero Marin

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                  30 de septiembre de 2020

*Certified as a minority-owned business in the State of New York*