UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/14/21

RAFAEL GUERRERO MARIN, et al.,

        Plaintiffs,

    -against-

NELSON SERVICES SYSTEMS, INC., et al.,

        Defendants.

20-CV-8607 (JMF) (BCM)

**ORDER SCHEDULING SETTLEMENT CONFERENCE**

**BARBARA MOSES, United States Magistrate Judge.**

The settlement conference originally scheduled for February 22, 2021 (*see* Dkt. No. 45), and rescheduled for May 12, 2021 (*see* Dkt. No. 52) is once again rescheduled, this time for **June 9, 2021, at 2:15 p.m.**, before Magistrate Judge Barbara Moses.[1]

> **THE PARTIES ARE DIRECTED TO READ THIS ENTIRE ORDER CAREFULLY. FAILURE TO COMPLY WITH PRE-CONFERENCE RESPONSIBILITIES MAY RESULT IN SANCTIONS.**

1.     <u>Attendance of Parties, Trial Counsel, and Carriers Required</u>. **Each party must attend the settlement conference, together with that party's lead trial attorney, via videoconference using Microsoft Teams (*see* ¶ 6 below).** Counsel must be fully knowledgeable concerning the facts of the case, relevant law, and the progress of the case to date, including settlement discussions. If a party fails to attend the settlement conference with all

---

[1] The Court was required to reschedule the February 22 conference because defendants failed to comply with their pre-conference obligations, including the obligation to conduct a good-faith settlement discussion with plaintiff, convey a good-faith demand or offer, and submit a confidential settlement letter to the Court in advance of the conference. (*See* Dkt. No. 47.) The Court was required to reschedule the May 12 conference because it became apparent shortly after the conference convened that plaintiff had in his possession various potentially significant documents that he intended to use to support his claims, but that he had not identified or produced pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) – or at all – prior to the conference. Should the Court once again be required to reschedule the conference due to misconduct by a party or counsel, sanctions will be assessed.

of the required persons (including a translator if necessary), that party may be required to reimburse the other parties for their time and travel expenses or face other sanctions.

2.     Compliance with Rule 26(a)(1)(A) Required. **Promptly after receipt of this Order, and in advance of the good-faith settlement discussion required by ¶ 3 below, the parties shall supplement their Rule 26(a)(1)(A) initial disclosures in accordance with Rule 26(e)(1)**. In particular, the parties shall provide to one another copies of all documents "that the disclosing party has in its possession, custody or control and may use to support its claims and defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Nothing in this Order is intended to limit the parties' obligations under any other provisions of the Federal Rules of Civil Procedure.

3.     New Pre-Conference Settlement Discussion Required. **Promptly after receipt of the supplemental Rule 26(a)(1)(A) disclosures, and in advance of the deadline set forth in ¶ 4 below for submitting confidential settlement letters, the parties shall conduct at least one new good-faith settlement discussion, in person or by telephone or videoconference, and each party shall convey to each opposing party at least one new good-faith settlement demand or offer. Past settlement negotiations may not be relied upon to satisfy this requirement**. Counsel should continue such discussions among themselves prior to the conference so as to clarify issues, narrow disputes, and otherwise make the conference as efficient and meaningful as possible.

4.     Confidential Settlement Update Letter. No later than **June 4, 2021**, each party shall submit a confidential settlement update letter to chambers by email, addressed to Moses_NYSDChambers@nysd.uscourts.gov, marked "Confidential Material for Use Only at Settlement Conference." **Do not file the confidential settlement letter on ECF. Do not send copies to adverse parties unless all parties have agreed to exchange their letters.** Settlement update letters are limited to three pages, not including any exhibits, which are permitted but

should be kept to a minimum. Each letter should contain a summary of any **new** facts or evidence relevant to settlement since the parties last submitted settlement letters; a discussion of the relevance of those matters to the settlement value of the case; and a report on the parties' most recent settlement discussions, including their most recent demand(s) and offer(s).

5. <u>Acknowledgment Form</u>. The parties need not resubmit their Acknowledgment Forms unless there is a change in the identity of the persons who will be attending the conference. If an updated Acknowledgement Form is required, it shall be submitted to chambers by email **and served on all other parties** at the same time the updated settlement letters are submitted. **Do not file the Acknowledgment Form on ECF**.

6. <u>Remote Attendance Required Due to Coronavirus Risk</u>. Unless otherwise ordered by the Court, **all attendees must participate in the settlement conference remotely, using the Court's videoconferencing technology (Microsoft Teams) or (with the prior approval of the Court) such alternative videoconferencing technology as the parties may agree upon and arrange**. If the Court's technology is used, the Court will provide the link and further instructions in an email to counsel closer to the date of the conference.

7. <u>Requests to Reschedule the Conference or Modify these Procedures</u>. Requests to reschedule the settlement conference, or to modify the page limits, attendance requirements, or other provisions of this Order, must be made by letter-motion, filed via ECF in accordance with the Individual Practices of Judge Moses, as soon as the need for the adjournment or modification arises and in any event at least one week (seven calendar days) before the scheduled conference. Requests for adjournment must include two proposed dates, acceptable to all parties and counsel, for the rescheduled conference. Before proposing dates, counsel are advised to call chambers to determine the Court's availability. Requests to modify the attendance requirements will be

granted only on a showing of significant hardship. If the parties settle the case prior to the scheduled conference, they must promptly so inform the Court by letter, filed via ECF, stating whether the settlement requires Court approval and, if not, how much time the parties require to submit a stipulation of dismissal to the district judge.

8.      <u>Remaining Provisions Unchanged</u>.  Except as noted above, all provisions  of this Court's April 9, 2021 Order Scheduling Settlement Conference (Dkt. No. 52) remain in effect.

9.      <u>No Effect on Other Deadlines</u>. Neither the scheduling of a settlement conference nor any adjournment of that conference affects the parties' other litigation deadlines or obligations.

Dated: New York, New York
        May 14, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

**<u>ACKNOWLEDGMENT FORM-SETTLEMENT CONFERENCE</u>**

Counsel of record for each party must complete and sign this form and email it to the Court at Moses_NYSDChambers@nysd.uscourts.gov, with copies sent simultaneously to all other parties, no later than one week (seven calendar days) before the parties' scheduled settlement conference.

**Name of Case:** _____

**Docket No.:** _____ **Date of Sett. Conference:** _____

**Name of <u>Party</u> Submitting this Form**: _____ ☐ **Pltf.** ☐ **Def.**

1. <u>Acknowledgment by Counsel</u>. I am lead trial counsel for the party listed above. I will attend the settlement conference in this action via teleconference, as will my client (if the client is a natural person), or by a client representative (if the client is a non-natural person) who is a decision-maker with knowledge of the case and responsibility for determining the amount of any ultimate settlement. I will arrange for a translator if my client requires that service. I further acknowledge that if insurance carrier approval, consent, or funding is required for my client to settle this action, a representative of each relevant carrier, who is a decision-maker with knowledge of the case and responsibility for determining the amount of any ultimate settlement (or the carrier's portion thereof) must also attend the conference.

2. <u>Client Attendance</u>.[†] Check one box:

☐ My client is a natural person and will attend the settlement conference via teleconference.

☐ My client is a corporation, union, agency or other non-natural person. The following individual will attend the settlement conference via teleconference as a representative of my client:

Name: _____

Title: _____

3. <u>Carrier Attendance</u>.[*] Check one box:

☐ No insurance carrier approval is required for my client to settle this case.

☐ The following individual will attend the settlement conference via teleconference as a representative of the following insurance carrier:

Name: _____

Title/Name of Carrier: _____

_____          _____
Date                                                       Signature of Lead Trial <u>Counsel</u>

                                                          _____
                                                          Print Name of Lead Trial <u>Counsel</u>

_____

[†] If you represent more than one party or require approval from more than one carrier you must submit attendance information for all clients and carriers.